Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 25

concluded from meta-analyses about online sexual offenders is more specifically related to online child pornography offenders and may not be applicable to the subset of online offenders who use Internet technologies to solicit minors.

Mr. Hill acknowledges having been in possession of child pornographic images, having sent such images to others, and having extorted two adult females to produce such images by engaging in sexual behaviors with a young child, to take pictures/videos of these sexually abusive events, and to send the images to him via a false persona he had created for that purpose. Mr. Hill presents that he did not possess, distribute, extort or manipulate others to produce child pornographic images for the purpose of his own sexual interests or gratification. Rather, he maintains that he used child pornography to extort and/or manipulate others to do what he wanted them to do, specifically to go to the most "taboo" places in terms of the behaviors he was attempting to get them to engage in. Mr. Hill presents that he has no sexual interest in child pornography, in children in general, and has no history as an adult of attempting to or actually engaging in sexual contact with a minor.

Results on objective measures of sexual interest reflect that Mr. Hill displays normative sexual interests, absent any sexual interest in minors. Mr. Hill identifies the excitement, challenge, and non sexual arousal accompanying the process of attempting to get others to engage in "taboo" behaviors, both sexual and non sexual and real or imagined, as well as their reactions, as factors motivating his behavior in the index offense and related behaviors.

The limited research regarding identification of the risk of Internet offenders to engage in contact sexual offenses suggests that Internet offenders, who also have a history of prior criminal behavior, sexual or otherwise, as well as substance use problems, were at increased risk for contact sexual offending. Mr. Hill does not appear to present with a history of any significant substance use problems, but does exhibit with prior criminal history.

Significant research has been conducted on the risk for contact sexual offense recidivism among groups of known contact sexual offenders. Risk assessment instruments developed based on this research allow evaluators to identify a level of risk (low, moderate or high) for a known contact offender. These instruments were not intended to predict the likelihood of contact offending for non contact offenders using electronic mediums such as Mr. Hill.

However given the recent research findings cited above, it may be appropriate to identify those factors present for Internet/electronic medium offenders which are believed to correlate with sex offense recidivism among known contact sexual offenders. The presence of such factors may infer increased risk for contact offending, but the presence of these factors should be interpreted cautiously and a risk level cannot be assigned.

The following factors have been identified as being present for Mr. Hill: emotional

Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 26

management deficits as indicated by the presence of depression and anxiety that Mr. Hill is hesitant to intervene with; cognitive impulsivity as indicated both by history and by testing; prior criminal history; prior history of domestic violence; employment instability as indicated by history of frequent job changes; and isolation from pro social support system. This is a moderate number of factors.

A Sexually Violent Predator Risk Assessment was not completed as a part of this evaluation, as at the time of evaluation, Mr. Hill has not been convicted of one of the crimes that would cause a SVP assessment to be conducted.

Results of the PCL - R indicate the presence of mild levels of psychopathic personality traits and consequently, he does not meet criteria necessary to be viewed as psychopathic. Mr. Hill's scores on this instrument fall into statistically "normal" range for adult populations at large, and thus are suggestive of modest risk for aggressive behavior and criminal offenses at present.

On the Sex Offender Risk Scale (SORS), Mr. Hill would match identified risk criteria involving having been between the ages of twenty-six and thirty-five at the time of the offense, and having one or more prior adult convictions (convictions refer to felony and misdemeanor convictions as an adult, including DUI). He would not match any of the remaining identified risk criteria on this instrument. These criteria include having been having been known to the victim (i.e. the victim was not a stranger, but was the spouse, relative, friend or acquaintance of the offender), having been revoked from community supervision as an adult two or more times in the past, having not graduated from high school (unless he attended a post secondary program after receiving a GED), or having moved two or more times in the two years prior to the index offense arrest. Matching the risk criteria identified above on the SORS would result in a total scale score of 3. Colorado Division of Criminal Justice research suggests that those with scores of 4 or less fall into a low risk group.

On the Marshall/Hucker Sexual Sadism Scale, Mr. Hill would match identified risk criteria involving having exercised power/control/domination over the victim, having carefully preplanned the offense behavior, and having intentionally degraded or humiliated the victim. He would not match remaining criteria to include being sexually aroused by sadistic acts; torturing or engaging in acts of cruelty toward victim; attempting to strangle, choke or asphyxiate victim; history of choking or otherwise deliberately hurting romantic sexual partners during sex; history of cruelty or torture of other persons or animals; trophies of victims or records of offense, abducting or confining the victim; and engaging in ritualistic acts during offense. The scoring protocol for this assessment would result in a total scale score of 24. Scores below 25 indicate the presence of few if any sadistic characteristics.

Risk factors not present, therefore seen as mitigating risk to some degree, include: the absence of any juvenile felony adjudications; no known history of sexual violence; the absence of any

Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 27

known paraphilias additional to fetish behavior involving urination; no weapon possession or violence related to the instant offense; the absence of any significant anger/hostility issues; the absence of psychopathy; accepts responsibility for offending behavior; no known male victims; the absence of any known current substance use/abuse issues; non-deviant sexual interest pattern on Abel Assessment of Sexual Interests; and cooperation with the evaluation protocols.

Risk assessment is dynamic and ongoing, and must be re-evaluated as new factors appear and/or old factors dissipate. It is noted that this risk assessment is tendered without objective verification of self-reported sexual history information (the absence of non-deceptive sexual history disclosure polygraph results) and is tendered based upon assessment of factors related to risk among populations of known adult male sexual offenders, but populations that do not include Internet/electronic offenders. Therefore, the above reported results must be viewed with caution.

## SUMMARY, CONCLUSIONS AND RECOMMENDATIONS

In Case No. 15-cr-00204-RBJ-1, Mr. Hill has entered into a Plea Agreement as to three counts of knowingly transporting and shipping child pornography and further having aided, abetted, counseled, commanded, induced and procured another person's participation in the commission of the offense. Mr. Hill has also agreed to admit the forfeiture Allegation contained in the Information.

Mr. Hill is currently acknowledging having possessed and sent child pornographic images to other individuals via electronic means. He further acknowledges having attempted to induce other individuals to produce child pornographic images, having in two cases used extortion to induce the cooperation of others. In other instances, Mr. Hill attempted to induce others into producing sexual images that did not involve children. In all cases, Mr. Hill presents that his motivation for this behavior involved seeing how far he could push others into engaging in the most "taboo" acts he could imagine. He expressed obtaining non sexual gratification from the process of these attempts and the reactions of those he was communicating with, and indicated that it did not matter to him if the responses and reactions he got were real or were deceptions. Mr. Hill presents that he is not sexually interested in children, and is not interested in child pornographic images for the purpose of his own sexual gratification. Rather, he indicates that he used child pornographic images only as a "tool" for the purpose of inducing and extorting others to engage in the various acts that he requested.

Mr. Hill acknowledges and accepts full responsibility for all behaviors related to his index offenses. He accepts full responsibility for his choices and decisions involved in these events. Mr. Hill exhibits with regret, remorse, and self disgust related to this behavior. Regarding his

Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 28

depression and anxiety, he presents that he does not deserve to feel better, and appears to be exacerbating these conditions by viewing them as deserved self punishment.

Additional to an urination fetish, Mr. Hill does not appear to exhibit with any significant sexual deviancy on evaluation. Evaluative data including his self-reported sexual history information does not suggest that Mr. Hill was or is sexually interested in children. Mr. Hill does not exhibit with sexual interest in children on objective measures on Abel Assessment of Sexual Interests, nor does he have any known history of attempting to or actually engaging in sexual contact with children. Rather, it would appear that in the case of the index offenses, Mr. Hill used child pornography to accomplish a non sexual end, that being the inducement and/or extortion of other individuals to engage in various taboo behaviors, most of which were sexual but not all of which involved children. He appears to have obtained gratification from the process of this inducement and/or extortion, as well as the reactions and responses of those individuals. Little or no sexual arousal is self reported to be associated with these events. Mr. Hill's known sexual history does not indicate the presence of any illegal paraphilia.

However, the index offense behavior reflects poor boundaries as well as poor decision making and a lack of regard for the impact of his behavior on others. Mr. Hill acknowledges his poor decision making in this instance, as well as his disregard for the impact of his behavior on others. Within an electronic medium, Mr. Hill likely experienced a sense of freedom, albeit both inappropriate and illegal related to his instant offense behavior, and as a result, failed to exercise good judgment and sound decision making.

Data from evaluation suggests the need for therapeutic intervention related to Mr. Hill's use, possession, and distribution of child pornographic images, as well as his inducement/extortion of other individuals to engage in sexually abusive behavior with children and other deviant and degrading sexual behaviors. Decision making deficits and disregard for the impacts of this behavior on those individuals he attempted to induce and/or extort further reflects the need for treatment intervention.

As it is likely that Mr. Hill's emotions are interfering with his cognitive processing, immediate interventions to alleviate his level of emotional distress are indicated to reduce his level of negative feelings, as the level of emotional upset reported by Mr. Hill can interfere with his memory, concentration, abstraction, and judgment. The severe negative affect noted may be assisted with participation in exercise and pleasurable activities. Social support is likely to be a key component to recovery. Psychiatric referral for evaluation of pharmacological intervention is warranted including medication for depression, anxiety, and mood stabilization. Such intervention will need to be coupled with behavioral and/or cognitive behavioral treatment. Cognitive behavioral treatment would also be indicated to assist Mr. Hill in dealing with his anxiety provoking thoughts.

Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 29

Mr. Hill's high energy level is also of concern. Significant environmental support and external structure are likely to be important due to personality factors. Mr. Hill's self defeating patterns also represent an important treatment target. Assisting Mr. Hill to reduce his significant needs for attention by becoming more inwardly focused will be helpful. He will also need to learn more adaptive, pro social methods of meeting his needs for attention other than through manipulating people.

Mr. Hill's dominance and attempts to control others are of concern. It will be important for Mr. Hill to identify the reasons behind his need for control, and then to mitigate those to reduce his need to control others. The development of relationship and intimacy skills will also be likely to assist with this goal.

Assisting Mr. Hill to identify and restructure cognitive distortions that help rationalize and justify his maladaptive behavior represents an important treatment target. Further enhancement of his awareness of the impacts of his behavior on others and related empathy development would also be an important focus of treatment. Mr. Hill would also benefit from learning to detach from his feelings and learning to view his feelings as "red flags" that call for problem solving rather than as imperatives upon which he must act. Use of insight oriented techniques will likely be helpful to assist Mr. Hill to understand and reduce his needs for attention, stimulation and excitement. The development of a relapse prevention plan will further assist Mr. Hill to more adaptively manage his internal risk factors and external high risk situations. The possible role of repressed emotional conflicts, centered on unmet dependency needs, on his maladaptive behavior should be explored with Mr. Hill. It will be further important for Mr. Hill to therapeutically address unresolved issues related to his own history of sexual victimization.

Once in sex offense specific treatment, complete sexual history disclosure polygraph assessment results will assist with confirming or disconfirming self-reported sexual history information. Such objective verification will assist with the further determination of focus, level and intensity of any necessary sex offense specific treatment intervention. Complete sexual history disclosure polygraph examination will help determine whether Mr. Hill has any history of contact sexual offense behavior, and consequently will provide additional data regarding level of risk for future sexual offending, as well as level of risk he presents to children.

Current evaluation data suggest that indicated treatment, whether it would occur in an institutional setting, on an outpatient basis, or a combination thereof, would need to occur on a weekly basis and adhere to the Standards and Guidelines of the Sex Offender Management Board. It appears appropriate that indicated treatment should also preclude Mr. Hill from use of electronic devices for purposes of both sexual communications and accessing pornography.

Mental Health Sex Offense Specific Evaluation
**Re: Hill, Brandon T.**
Page 30

Mr. Hill appears to be amenable to treatment based on the following factors: admits to having committed an offense, accepts full responsibility for index offense behavior, acknowledges having issues in need of therapeutic intervention, verbalizes remorse, guilt and shame, has no history of supervision or treatment failure, displays no active substance abuse issues, and presents as willing to participate in and cooperate with any sex offense specific treatment intervention as may be ordered by the Court.

All opinions expressed in this report are based on my personal evaluation of Mr. Hill, review of psychological test results, as well as review of available records. I would like to reserve the right to supplement and/or revise my findings in the event that additional information becomes available, which may influence my opinions.

Respectfully submitted,

John Davis M.A.
SOMB Listed Evaluator

July 12, 2016